UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TGA PREMIER JUNIOR GOLF FRANCHISE, LLC<br><br>      Plaintiff,<br><br>v.<br><br>B P BEVINS GOLF LLC, et al.<br><br>      Defendants. | Civil Action No. 12-4321 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

Plaintiff TGA Premier Junior Golf Franchise, LLC ("TGA") brings this action against B P Bevins Golf LLC ("BP") and Brian Bevins d/b/a Tactical Golf ("Bevins," together with BP, "Defendants") seeking an injunction enjoining Defendants from operating a golf instruction business that TGA alleges violates the noncompetition covenant contained in the parties' franchise agreement. Plaintiff has moved for preliminary injunctive relief. Defendant Bevins, appearing *pro se*, has moved to dismiss the matter under Federal Rule of Civil Procedure 12, alleging, *inter alia*, that the forum selection clause in the franchise agreement requires that the action be filed in a state or federal court in California. For the reasons that follow, Bevins's motion is granted and this matter is dismissed.

**I. BACKGROUND**

TGA franchises a system relating to the operation of businesses offering proprietary programs and curriculums with respect to golf instruction for children, teenagers and adults. On

September 10, 2007, TGA and BP entered into a franchise agreement (the "Franchise Agreement") pursuant to which BP would operate a franchised business.  *See* Franchise Agreement attached as Ex. A to Jacobs Decl.  On that same date, Bevins executed a guarantee and personally guaranteed the full performance of BP under the Franchise Agreement.  *See* Guarantee attached as Exhibit E to Franchise Agreement.

After entering into the agreements, Defendants opened and operated a TGA franchised business.  Compl. ¶ 15.  On or about March 16, 2012, Bevins advised TGA that he did not intend to renew the franchise past the initial term, which was to expire in September 2012.  *Id.* ¶ 21, 23.  TGA alleges that prior to the expiration of the term of the Franchise Agreement, Bevins began doing business under the name "Tactical Golf," through which, according to Plaintiff, Bevins is operating a golf instruction business that is the same as or similar to TGA.  TGA further alleges that this violates the noncompetition provision of the Franchise Agreement, which states as follows:

> FRANCHISEE (or, if FRANCHISEE is a corporation, limited liability company, or partnership, all principals of FRANCHISEE) covenants that during the Term of this Agreement, except as otherwise approved in writing by FRANCHISOR, FRANCHISEE (or, if FRANCHISEE is a corporation, limited liability company, or partnership, all principals of FRANCHISEE) shall not, either directly or indirectly, for itself, or through, on behalf of, or in conjunction with any person, or legal entity:
>
> 13.1.1  Divert or attempt to divert any present or prospective Franchised Business customer to any competitor, by direct or indirect inducement or otherwise, …
>
> 13.1.3  Own, maintain, advise, operate, engage in, be employed by, make loans to, invest in, provide assistance to, or have any interest in (as owner or otherwise) or relationship or association with, any golf instruction business that is the same or similar to the Franchised Business.

Jacobs Decl. Ex. A at 24.  The Franchise Agreement further provides that for a period of three years after its expiration, the franchisee shall not

> "own, maintain, advise, operate, engage in , be employed by, make loans to, or have any interest in or relationship or association with any golf instruction business which offers at school and after school golf programs, golf clinics, camps and tournaments and other related activities … which are similar to the Total Golf Adventures Proprietary Programs and which is, or is intended to be, located at or within a ten (10) mile radius of the Territory."

*Id.*

TGA filed the instant lawsuit seeking an injunction enjoining Defendants' operation of any golf instruction business that violates the noncompetition provisions of the agreement. Bevins seeks to dismiss the suit, citing to the forum selection clause of the Franchise Agreement. The forum selection clause, Section 22.2 of the Franchise Agreement, reads as follows:

> The parties agree that any action brought by either party against the other in any court, whether federal or state, shall be brought within the State of California in the county in which FRANCHISOR has its principal place of business at the time the action is initiated, and the parties hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

*Id.* Ex. A at 39.

## II. ANALYSIS

Bevins seeks dismissal under "Rule 12(b)"[1] based upon the forum selection clause in the Franchise Agreement. He argues that the parties agreed to litigate any action between them in the courts of California and, thus, dismissal of the action in this district is warranted. In response, Plaintiff argues that the motion should be denied because (1) venue is proper in New Jersey; and (2) the forum selection clause may only be enforced by means of a motion to transfer venue under 28 U.S.C. § 1404.[2] Plaintiff's arguments are without merit.

The Third Circuit has directly addressed the threshold question raised by Bevins's motion, that is, whether a motion to dismiss under Rule 12 is a permissible mechanism for

---

[1] Although Bevins does not provide any more specificity, the Court will construe his motion as one under Federal Rule of Civil Procedure 12(b)(6).
[2] Plaintiff further argues that if the Court were to construe Bevins's motion as one to transfer, it should be denied.

3

enforcing a forum selection clause, and it has answered that question in the affirmative. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001) (holding that a 12(b)(6) dismissal is a "permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum.") (citing *Crescent Int'l Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir.1988)). The Court recognizes that the Third Circuit in *Salovaara* acknowledged "that, as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss." *Id.* at 299. Thus, "if a defendant moves under § 1404(a), transfer, of course, is the proper vehicle (assuming the reasonableness of the forum selection clause)." *Id.* However, in cases like the present one, "where a defendant moves under Rule 12, a district court retains the judicial power to dismiss." *Id.*

Generally, forum selection clauses are treated as ordinary contract provisions and, therefore, are subject to the ordinary rules of contract interpretation. *See Health Robotics, LLC v. Bennett,* Civ. No. 09–627, 2009 WL 1708067, at *2 (E.D. Pa. June 16, 2009) (citing *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *John Wyeth & Brother, Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir.1997)). The polestar of contract interpretation is the intent of the parties, and the clearest indication of that intent is the language of the contract. *Integrated Health Resources, LLC v. Rossi Psychological Group, P.A.*, 537 F.Supp.2d 672, 675 (D.N.J. 2008). Where the language of a contract is unambiguous, that is, when the contract is "reasonably capable of only one construction", the court must enforce the contract as written. *Id.*

Here, the forum selection clause in the Franchise Agreement is clear and unambiguous. It states that "any action brought by either party against the other in any court, whether federal or

state, shall be brought within the State of California …" Franchise Agreement, § 22.2.  The filing of this lawsuit in this district directly contravenes this provision.

      Finally, the Court examines the issue of enforceability.  A forum selection clause is presumptively valid and enforceable unless the objecting party establishes that (1) it results from fraud or overreaching; (2) enforcement would violate strong public policy of the forum; or (3) enforcement would in the particular circumstances of the case result in jurisdiction so seriously inconvenient as to be "unreasonable."  *See M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (*overruled in part on other grounds by Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007)); *Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 65 Fed. Appx. 844, 847 (3d Cir. 2003); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190 (3d Cir. 1983) (*overruled in part on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989)).  A forum selection clause is "unreasonable" where the opposing party can make a "strong showing" that the selected forum is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Foster v. Chesapeake Ins. Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991).

      Plaintiff has not expressly argued that the forum selection clause is unenforceable, but Plaintiff's arguments against transfer of the case to California under § 1404 are relevant to an enforceability analysis with respect to reasonableness.  In arguing against transfer, Plaintiff has pointed to such factors as Bevins being domiciled in New Jersey,[3] the parties conducting business in New Jersey, witnesses being located in New Jersey and New Jersey courts being more familiar with the applicable law.  However, the Court finds that while such things may

---

[3] The Court notes that Bevins exercised his right to enforce, rather than waive, the forum selection clause.  He should not, therefore, be heard to complain that he will be required to litigate this matter in California should Plaintiff refile its action there.

5

make litigating this matter in California less convenient than litigating it here, Plaintiff has not made the requisite "strong showing" that that litigating the matter in California is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *See id.* Moreover, any inconvenience cited by Plaintiff was certainly foreseeable at the time of contracting. The Court simply finds no basis to conclude it would be unfair, unjust, or unreasonable to hold Plaintiff to his bargain, and, therefore, grants the motion to dismiss.

### III. CONCLUSION

For the reasons above, the Court grants Bevins's motion to dismiss is granted. Plaintiff's motion for a preliminary injunction is denied as moot. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 12, 2012